■ JASON T. PILKENTON, Respondent, v NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Appellant. [976 NYS2d 911]—

Appeal from an order of the Supreme Court, Livingston County (Dennis S. Cohen, A.J.), entered April 3, 2013. The order granted the petition seeking, inter alia, to direct respondent to submit to the appraisal process set forth in its policy of insurance.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs and the petition is denied.

Memorandum: Respondent appeals from an order that granted the petition seeking, inter alia, to direct respondent to submit to the appraisal process set forth in its policy of insurance. Assuming without deciding that the petition was timely filed and procedurally proper, we agree with respondent that the insurance coverage dispute precludes the application of the appraisal process set forth in the policy (*see Kawa v Nationwide Mut. Fire Ins. Co.*, 174 Misc 2d 407, 408-409 [1997]; *see generally Amerex Group, Inc. v Lexington Ins. Co.*, 678 F3d 193, 204 [2d Cir 2012]). Insurance Law § 3408 (c) provides for an appraisal in the event of a covered loss, and here there is a pending declaratory judgment action in which the parties dispute whether this is a covered loss. Present—Scudder, P.J., Centra, Lindley, Sconiers and Valentino, JJ.

■ In the Matter of the Adoption of ROBERTO C., JR., an Infant. SHARON W. et al., Respondents, v ROBERTO C., SR., Appellant. [976 NYS2d 901]—Appeal from an order of the Family Court, Oneida County (Randal B. Caldwell, J.), entered May 7, 2012. The order, among other things, adjudged that the petition for the adoption of the subject child may proceed without the respondent's consent.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs for reasons stated in the decision at Family Court. Present—Scudder, P.J., Centra, Lindley, Sconiers and Valentino, JJ.